UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
CAROLE SMITH,

                        Plaintiff,

                - against -

GLAAD, INC.,

                        Defendant.

Case No. 22-CV-4389

**ANSWER AND AFFIRMATIVE DEFENSES**

---------------------------------------------------------------- x

GLAAD, INC. ("GLAAD" or "Defendant"), by and through its undersigned attorneys, Sheppard, Mullin, Richter & Hampton LLP, hereby answers the Complaint filed on May 27, 2022 (the "Complaint") filed by Plaintiff Carole Smith ("Plaintiff") as follows:

## NATURE OF THE ACTION

1.      Defendant admits the allegations in Paragraph 1 of the Complaint.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3.      Defendant denies the allegations in Paragraph 3 of the Complaint, except admits that Plaintiff applied for a job at GLAAD in the fall of 2021, and denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's state of mind.

4.      Defendant denies the allegations in Paragraph 4 of the Complaint, except admits that Plaintiff participated in an interview with Grant Schneider in or around November 2021..

5.      Defendant denies the allegations in Paragraph 5 of the Complaint, except admits that part of GLAAD's mission is acceptance and equal opportunity.

6.      Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint, except admit that Plaintiff was not hired as GLAAD's Head of Research.

8. Defendant denies the allegations in Paragraph 8 of the Complaint, except admit that GLAAD hired a younger female candidate.

9. Defendant denies the allegations in Paragraph 9 of the Complaint, except admits that Plaintiff purposes to bring her Complaint under New York State and City Human Rights laws for alleged age and sexual orientation discrimination.

**JURISDICTION AND VENUE**

10. The allegations in Paragraph 10 of the Complaint are conclusions of law regarding subject matter jurisdiction to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10 of the Complaint, except admits that Defendant is a Delaware corporation with its headquarters and principal place of business in New York.

11. The allegations in Paragraph 11 of the Complaint are conclusions of law regarding venue to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11 of the Complaint, except admits that Defendant resides in Manhattan.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

**PARTIES**

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. Defendant admits that GLAAD is a not-for-profit corporation organized under the laws of Delaware with its headquarters and principal place of business at 270 Park Ave., 21st Fl., New York, New York 10017.

## FACTUAL ALLEGATIONS

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. Defendant admits the allegations in Paragraph 23 of the Complaint.24.

Defendant admits the allegations in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint refers to a document, which speaks for itself..

26. Paragraph 26 of the Complaint refers to a document, which speaks for itself.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint refers to a document, which speaks for itself.

30. Defendant denies the allegations in Paragraph 30 of the Complaint, except admits that Ms. Pointer met with Plaintiff on or about November 3, 2021.

31. Defendant denies the allegations in Paragraph 31 of the Complaint, except admits that Ms. Pointer scheduled Plaintiff for a second interview.

32. Defendant denies the allegations in Paragraph 32 of the Complaint, except admits that Plaintiff emailed Ms. Pointer on November 9, 2021 regarding a report.

33. Defendant denies the allegations in Paragraph 33 of the Complaint, except admits that Ms. Pointer scheduled Plaintiff for a third interview with Michael Bowman-Zamora, GLAAD's Senior Director of People, Talent, and Culture.

34. Paragraph 34 of the Complaint refers to a document, which speaks for itself.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint, except admits that Ms. Pointer scheduled Plaintiff for a fourth interview with Grant Schneider, Chief Strategy Officer.

37. Paragraph 37 of the Complaint refers to a document, which speaks for itself.

38. Defendant admits the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegation in Paragraph 49 of the Complaint.

50. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant admits the allegations in Paragraph 54 of the Complaint.

55. Defendant admits the allegations in Paragraph 55 of the Complaint.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint refers to a document, which speaks for itself.

58. Paragraph 58 of the Complaint refers to a document, which speaks for itself.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint refers to a document, which speaks for itself, and Defendant denies all remaining allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint, except admits that Ms. Pointer made the hiring decision.

64. Defendant denies the allegations in Paragraph 64 of the Complaint, except admits that it hired a younger female for the position.

65. Paragraph 65 of the Complaint refers to a document, which speaks for itself, and Defendant denies all remaining allegations in Paragraph 65 of the Complaint.

66. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint, except admits that it hired a younger female for the position.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint.

**FIRST CAUSE OF ACTION**
**Age Discrimination, New York State Human Rights Law**
**N.Y. Exec. Law §§ 291 *et seq.***

70. Defendant repeats and realleges its responses to Paragraphs 1-69 of the Complaint as if fully set forth herein.

71. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint, except admits that it hired a younger female for the position.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

## SECOND CAUSE OF ACTION
### Sexual Orientation, New York State Human Rights Law
### N.Y. Exec. Law §§ 291 *et seq.*

77. Defendant repeats and realleges its responses to Paragraph 1 – 76 of the Complaint as if fully set forth herein.

78. Defendant denies the allegations in Paragraph 78 of the Complaint, except admits that Plaintiff applied for the Head of Research position.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

## THIRD CAUSE OF ACTION
### Age Discrimination, New York City Human Rights Law
### N.Y.C. Admin. Code §§ 8-101 *et seq.*

83  Defendant repeats and realleges its responses to Paragraphs 1 – 82 of the Complaint as if fully set forth herein.

84. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint, except admits that Plaintiff applied for the Head of Research position.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

## FOURTH CAUSE OF ACTION
### Sexual Orientation Discrimination, New York City Human Rights Law
### N.Y.C. Admin. Code §§ 8-101 *et seq.*

90. Defendant repeats and realleges its responses to Paragraphs 1 – 89 of the Complaint as if fully set forth herein.

91. Defendant denies the allegations in Paragraph 91 of the Complaint, except admits that Plaintiff applied for the Head of Research position.

92. Defendant denies the allegations in Paragraph 92 of the Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Complaint.

94. Defendant denies the allegations in Paragraph 94 of the Complaint.

95. Defendant denies the allegations in Paragraph 95 of the Complaint.

## PRAYER FOR RELIEF

95. Defendant denies that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause of the Complaint, inclusive of Subparagraphs a-f.

## JURY TRIAL DEMAND

Defendant objects to a trial by jury with respect to any claims as to which Plaintiff is not entitled to a jury as a matter of law.

## AFFIRMATIVE & OTHER DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, or unclean hands.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Fourth Affirmative Defense

Complainant's claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory and non-retaliatory business reasons.

### Fifth Affirmative Defense

Without conceding that Complainant suffered any damages as a result of any purportedly wrongful acts, Complainant has failed to mitigate her damages.

### Sixth Affirmative Defense

Plaintiff is not entitled to any relief sought in the Complaint.

### Seventh Affirmative Defense

Plaintiff was not qualified for the position.

### Eighth Affirmative Defense

Plaintiff has failed to state facts sufficient to constitute claims for statutory penalties because Defendant acted, at all times, in good faith and had reasonable grounds for believing its conduct complied with applicable laws and regulations.

### Ninth Affirmative Defense

Defendant established, implemented and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices in accordance with Section 8-107(13)(d) of Title 8 of the New York City Administrative Code.

### Tenth Affirmative Defense

All relevant factors should be considered in accordance with Section 8-107(13)(e) and (f) of Title 8 of the New York City Administrative Code.

## **RESERVATION OF DEFENSES**

Defendant reserves its right to add, amend and/or supplement this Answer to assert those defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery.

**WHEREFORE**, Defendant demands judgment against Plaintiff:

(a) Denying all relief sought by Plaintiff and dismissing the Complaint in its entirety, with prejudice;

(b) Awarding Defendant its costs and disbursements associated with this action, including reasonable attorneys' fees, to the maximum extent allowed by law;

(c) Granting Defendant such other and further relief as this Court deems just and proper.

Dated: New York, New York  
       July 29, 2022

Respectfully submitted,

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By:    */s/ Brian D. Murphy*  
       Brian D. Murphy

30 Rockefeller Plaza  
New York, New York 10112  
Telephone: (212) 653-8700  
bmurphy@sheppardmullin.com

*Attorney for Defendant GLAAD, Inc.*