**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.634.3059 direct
bmurphy@sheppardmullin.com

June 1, 2023

**VIA ECF**

The Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Smith v. GLAAD, Inc.*, No. 22-CV-4389

Dear Judge Cote:

      We represent Defendant GLAAD, Inc. ("GLAAD") in the above-referenced matter. We write to request an informal video or telephonic conference in advance of GLAAD's anticipated Motion for a Protective Order prohibiting Plaintiff from deposing Tristan Marra, the candidate that secured the role that Plaintiff Carole Smith ("Plaintiff") contends she was improperly denied in this failure to hire case. The parties have met and conferred on this issue by telephone on multiple occasions and have been unable to reach a resolution.

      The facts in this failure to hire suit are straightforward: Plaintiff is a former member of GLAAD's Board of Directors in her early 60s who self-identifies as gay who applied for the Head of Research position at GLAAD. Despite document discovery demonstrating that GLAAD already had final candidates for the position, GLAAD interviewed Plaintiff as a courtesy to former GLAAD constituents with whom Plaintiff maintained a relationship. GLAAD ultimately decided to hire one of the finalists – Ms. Marra, a woman in her 40s who identifies as gay – that it had prioritized for the role weeks prior to even meeting with Plaintiff.

      Plaintiff has already deposed three GLAAD witnesses: (i) Gwen Pointer, Executive Vice President of GLAAD Media Institute, and the acknowledged decision-maker; (ii) Michael Bowman, Senior Director of People, Talent and Culture; and (iii) Grant Schneider, former Consulting Chief Strategy Officer and the person that Plaintiff contends asked her inappropriate questions forming the basis of her claims. Each deposition lasted more than five hours notwithstanding the discrete employment decision at issue. These witnesses collectively confirmed: (i) the identity of the decision-maker; (ii) the rationale for the decision to hire Ms. Marra over Plaintiff; (iii) Ms. Marra's lack of involvement with, or knowledge of, the decision-making process; and (iv) the chronology of the offer to Ms. Marra.

      During the Parties' meet and confer, Plaintiff's Counsel explained that he intended to ask Ms. Marra about: (i) her qualifications and resume; and (ii) the chronology of her acceptance of the offer for the position. As to the former, Plaintiff is in possession of Ms. Marra's resume. GLAAD's witnesses have already provided testimony concerning their views on the experience and resumes of both Ms. Marra and Plaintiff, including why certain experience of Ms. Marra was valued more than other experience of Plaintiff. Ms. Marra can provide no information concerning GLAAD's evaluation of her qualifications versus those of Plaintiff.

**SheppardMullin**

June 1, 2023
Page 2

      As to the latter, the chronology concerning when GLAAD offered Ms. Marra the position, in relation to where Plaintiff was in her interview process, is conclusively established by numerous emails. These show that the position was offered to Ms. Marra *before* Plaintiff met with Mr. Schneider and *before* the problematic questions were allegedly asked. Ms. Pointer and Mr. Bowman have confirmed this as well during their depositions. When Ms. Marra accepted the offer is wholly irrelevant as the decision to offer the position to Ms. Marra is ultimately what Plaintiff challenges in this case.

      Thus, each area of questioning will yield irrelevant information. The deposition seems purposed to unnecessarily involve Ms. Marra for potentially improper reasons and otherwise harass GLAAD with further disruption. Indeed, during her deposition, Plaintiff explained how highly she viewed her own qualifications, dismissively described those of Ms. Marra, and expressed continuing anger that GLAAD chose Ms. Marra instead of her. GLAAD cannot know Plaintiff's true motivation for seeking her deposition, but given the demonstrable lack of relevant testimony Ms. Marra could add, a legitimate reason is not apparent. Courts are vested with the authority to oversee discovery and to issue protective orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1); *DeLuca v. Bank of Tokyo-Mitsubishi UFJ*, No. 05-CIV-639 (GEL) (KNF), 2007 WL 2589534, at *2 (S.D.N.Y. Aug. 30, 2007). District courts "have substantial latitude" in determining whether to enter a protective order. *Dukes v. NYCERS*, 331 F.R.D. 464, 473 (S.D.N.Y. 2019) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.")

      These concerns are not ameliorated by Plaintiff's proposal that the deposition proceed by video and be capped at ninety-minutes. The burden remains the same on GLAAD as GLAAD personnel will have to participate in preparation for and attend the deposition, detracting from their important work on behalf of the LGBTQ community. Further, Ms. Marra will be unnecessarily involved in a lawsuit with allegations concerning matters with which Ms. Marra had no involvement.

      Accordingly, GLAAD respectfully submits that the Court should schedule an informal video or telephonic conference concerning GLAAD's anticipated motion for a protective order prohibiting the proposed deposition of Ms. Marra. Thank you for the Court's consideration of this request.

      Respectfully submitted,

      /s/ Brian D. Murphy

      Brian D. Murphy
      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc:    Bruce Menken, Esq.
       Jamie Moelis, Esq.

SMRH:4857-9027-3381.1