# MENKEN SIMPSON & ROZGER LLP

80 PINE STREET, 33RD FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE: (212) 509-1616
FACSIMILE: (212) 509-8088
WWW.NYEMPLOYEELAW.COM

BRUCE E. MENKEN
SCOTT SIMPSON
JASON J. ROZGER ᐃ
BRENNA RABINOWITZ
RAYA F. SAKSOUK

ᐃ ALSO ADMITTED NJ

ALAN SERRINS
OF COUNSEL

June 1, 2023

BY ECF ONLY

The Honorable Denise L. Cote

U.S. District Judge

U.S. District Court

Southern District of New York

500 Pearl Street

New York, NY 10007

RE: *Carole Smith v. GLAAD, Inc.,* 22 Civ. 4389 (DLC)

Dear Judge Cote:

      This firm represents the Plaintiff, Carole Smith, in the above matter and I write to seek the Court's permission to add an issue, referenced in Plaintiff's May 30, 2023 letter to the Court, to the upcoming telephone conference currently scheduled for today at 3 pm. In addition to discussing the noticed deposition of Tristan Marra raised by Defendant, Plaintiff asks that the Court consider Defendant's objections to several interrogatory questions served by Plaintiff on April 24, 2023.

      In her Interrogatories, Plaintiff seeks the cellular phone numbers, cellular phone carriers and account names of the two most important witnesses in this matter for a six day period, November 29, 2021 to December 4, 2021. (She intends to subpoena the two witnesses' cellular phone records for the six day period). Defendant objected stating the interrogatories unreasonably invaded the privacy rights of third party litigants and are not calculated to lead to admissible evidence. Plaintiff provided Defendant cases supporting her position and the parties met and conferred to no avail. Plaintiff now seeks permission to move to compel fulsome answers to these interrogatories or an order compelling answers.

In brief, Gwendolyn Pointer, who Defendant claims was the decision-maker in this failure to hire case, expressly and personally asked GLAAD's then Chief Strategy Officer, Grant Schneider, to interview Plaintiff for the Head of Research position. This was going to be GLAAD's fourth interview of Plaintiff and it took place on November 30, 2021. One day earlier, on November 29, the person who was ultimately offered and accepted the position, Ms. Marra, rejected GLAAD's job offer. On December 3, 2021, GLAAD offered Ms. Marra the position and on December 5, 2021 she accepted it.

Despite having expressly and personally asked Mr. Schneider to interview Plaintiff, after she had excelled at her three prior interviews, Ms. Pointer testified she did not communicate via text or telephone with Mr. Schneider between November 30, when he interviewed Plaintiff, and December 3 when GLAAD made a new offer to Ms. Marra. Mr. Schneider testified he did not recall whether he communicated with Ms. Pointer during this 3-4 day period. Supporting Plaintiff's belief that it is preposterous that Ms. Pointer and Mr. Schneider did not have any communication during this brief period after Mr. Schneider interviewed Plaintiff at Ms. Pointer's personal request, is a December 6 email in which Ms. Pointer thanks Mr. Schneider for his "support, guidance and constant encouragement" concerning the hiring of Ms. Marra.

Considering Plaintiff's cat's paw theory that Ms. Pointer relied on Mr. Schneider in deciding to hire Ms. Marra rather than Plaintiff, evidence of the communications between Ms. Pointer and Mr. Schneider between November 30 and December 3 is crucial to her case. Plaintiff simply wants to test the memory and accuracy of the testimony of these two witnesses.

The law supports Plaintiff's request. Courts have both compelled the production of cell number/carrier information and required defendants to obtain and produce records from the carrier themselves. *Lisischeff v. MasTec N. Am., Inc.*, No. 3:20-CV-1156(RNC), 2021 WL 1345623, at *3 (D. Conn. Apr. 12, 2021) (in personal injury action, compelling the individual defendant to disclose the phone number, service provider, and current whereabouts of any phone he possessed at the time of the relevant accident); *Boudreau v. Smith*, No. 3:17-CV-589 (SRU), 2019 WL 3973997, at *7 (D. Conn. Aug. 22, 2019) (in excessive force case, granting motion to compel production of cell phone records from an individual defendant, finding it would not be burdensome for the defendant to obtain the records from his cell phone carrier). More specifically, the case law in the discrimination setting also supports Plaintiff's position. In *Evans v. Affiliated Computer Servs., Inc.*, No. CV137407JFWAGRX, 2014 WL 12600831, at *3 (C.D. Cal. May 9, 2014), the Court compelled identification of the discrimination plaintiff's cell phone provider in addition to her phone number, accepting the defendant's reasoning that the plaintiff's phone records were relevant to determine whether certain phone calls alleged by the plaintiff were made. In *Ray v. Huntington Ingalls Inc.*, No. 1:13CV23-HSO-RHW, 2013 WL 11325249, at *1 (S.D. Miss. Sept. 19, 2013), the Court compelled production of the plaintiff's phone records because they would be relevant "to the extent that they could confirm Plaintiff's cell phone use during business hours or could be used for impeachment purposes if Plaintiff denies that he used his cell phone during work hours." The Court further compelled the Plaintiff to provide the names of any cell phone carriers and his phone number if there were any records he could not provide for the relevant period. *Id.*

      In email communication, counsel agreed that this additional issue may require more time to argue and assess and are thus amenable to adjourning today's 3 pm teleconference to Monday June 5 if the Court deems necessary.

                                                      Respectfully submitted,

                                                      Bruce E. Menken

BEM:os

cc: All Counsel by ECF